Alejandro G. Ruiz, Bar No. 271999
agr@paynefears.com
Jessica A. Vidal, Bar No. 327616
jav@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
4 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-1100
Facsimile: (949) 851-1212

Attorneys for Defendant and Counter-Claimant ROBERTO VARGAS HERNANDEZ

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ARTURO SANTOS GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO VARGAS HERNANDEZ,<br><br>Defendant.<br><br>ROBERT VARGAS HERNANDEZ,<br><br>Counter-Claimant,<br><br>v.<br><br>ARTURO SANTOS GARCIA, an individual, and DOES 1 through 50, inclusive<br><br>Counter-Defendants. | Case No. 8:23-cv-00946-ADS<br><br>The Hon. Magistrate Judge Hon. Autumn D. Spaeth<br><br>**DEFENDANT/COUNTER-CLAIMANT ROBERTO VARGAS HERNANDEZ'S COUNTERCLAIM FOR:**<br><br>1) Conversion<br>2) Trespass to Chattel/Personal Property<br>3) Negligence<br>4) Defamation and/or Libel<br>5) Defamation Per Se and/or Libel Per Se<br>6) Intentional Interference with Prospective Economic Advantage<br>7) Negligent Interference with Prospective Economic Advantage<br>8) Intentional Infliction of Emotional Distress<br>9) Negligent Infliction of Emotional Distress<br><br>Trial Date: TBD |

Defendant/Counter-Claimant ROBERT VARGAS HERNANDEZ hereby alleges his compulsory and/or permissive Counterclaim as follows:

## PRELIMINARY ALLEGATIONS

1. At all times mentioned herein, Counter-Claimant ROBERTO VARGAS HERNANDEZ ("HERNANDEZ") has been a well-respected member of the Orange County community and a prominent businessman.

2. As an immigrant living his American Dream, HERNANDEZ cares deeply about helping other immigrants obtain their own American Dream. Accordingly, he took in Plaintiff and Counter-Defendant Arturo Santos Garcia ("GARCIA"), and welcomed him into his family. In return, GARCIA damaged HERNANDEZ'S property, stole from him, and defamed HERNANDEZ. HERNANDEZ now seeks remedies provided by common law.

## PARTIES

3. Defendant is informed and believes and thereon alleges that Plaintiff and Counter-Defendant GARCIA is a citizen of Mexico, who illegally emigrated to the United States fraudulently using the birth certificate and California driver's license to gain entry by representing himself as a citizen. GARCIA is currently residing in Moreno Valley, California.

4. Defendant and Counter-Claimant HERNANDEZ is a local business owner who operates a chicken restaurant in Anaheim, California and a ranch in Lake Elsinore, California. HERNANDEZ raises a variety of farm animals on his ranch. HERNANDEZ is a resident of Fullerton, California.

5. HERNANDEZ is without information and knowledge at this time concerning the true names and capacities of the Counter-Defendants named herein as Does 1 through 50, inclusive. Therefore, HERNANDEZ sues these Counter-Defendants by such fictitious names. Counter-Claimant will seek to amend this Counterclaim to allege such Counter-Defendants' true names and capacities when such have been ascertained. HERNANDEZ is informed and believes, and based thereon alleges, that each fictitiously named defendant was and is in some manner legally responsible for the events, breaches, injuries and damages alleged in this Counterclaim.

6. HERNANDEZ is informed and believes, and based thereon alleges, that at all times relevant to this action each of the Doe Counter-Defendants and each named Counter-Defendant was an agent, subcontractor, supplier, contractor, consultant, employee, joint venturer, partner, affiliated entity and/or independent contractor implicated by the allegations in Plaintiff's Complaint or of any other party asserting claims against Counter-Claimant.

## JURISDICTION AND VENUE

7. The court has supplemental jurisdiction over this counterclaim under 28 U.S.C. §1367, subdivision (a) and Federal Rule of Civil Procedure, Rule 13 because it arises out of the same transactions and occurrences alleged in Plaintiff's complaint, and the counterclaims are so related to Plaintiff's original federal jurisdiction claims that they form a part of the same case or controversy.

8. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because, upon information and belief, Plaintiff and Counter-Defendant resides in this district, and because a substantial portion of the events or omissions giving rise to this action

occurred in this district.

## GENERAL ALLEGATIONS

9. HERNANDEZ is a local small businessowner who has operated a restaurant specializing in charbroiled chicken since 1983.

10. HERNANDEZ opened his restaurant with the American Dream in mind and with a dream to serve his local community with a family restaurant that served authentic, delicious, and affordable Mexican food.

11. HERNANDEZ has served his local community and remained in business for over 40 years. Thus, HERNANDEZ is a staple and prominent member of the Orange County community.

12. HERNANDEZ still goes to his restaurant daily and greets local patrons, including local families, professional wrestlers, and several well-known celebrities.

13. HERNANDEZ also owns and operates a ranch in Lake Elsinore, California, where he raises several farm animals, including chickens, goats, and horses.

14. HERNANDEZ is informed and believes and thereon alleges that GARCIA is a friend of HERNANDEZ'S long-time and trusted family friend in Mexico.

15. HERNANDEZ is informed and believes and thereon alleges that in approximately 2019, GARCIA successfully crossed the border into the United

States through the port of entry located between San Diego, California, and Tijuana, Baja California, Mexico. HERNANDEZ is also informed and believes and thereon alleges that GARCIA crossed the border between Mexico and the United States by fraudulently presenting himself as an American Citizen and by using another individual's United States birth certificate and California driver's license to gain entry into the country.

16. Upon GARCIA'S arrival in the United States, GARCIA made contact with HERNANDEZ and was allowed to live on HERNANDEZ'S ranch. As an immigrant himself, HERNANDEZ empathized with GARCIA. Additionally, since GARCIA was a friend of HERNANDEZ'S long-time and trusted family friend in Mexico, he took GARCIA in, gave him a place to live, and treated GARCIA like an extended member of the family.

17. From approximately 2019 to 2022, GARCIA lived on HERNANDEZ'S ranch in Lake Elsinore, California. HERNANDEZ provided GARCIA with a two-bedroom trailer home in which to live. This trailer was equipped with a bathroom and kitchen. Upon information and belief, GARCIA lived in this trailer from approximately 2019 to at least 2020, but he thereafter continued to have access to the trailer and continued to cause damage to this trailer until he left the ranch.

18. In 2020, GARCIA moved into a one-bedroom trailer located in a different area of the ranch and remained in this trailer for the remainder of his time on the ranch.

19. GARCIA left his first trailer in complete disarray. He did not clean the trailer and did not dispose of his garbage. GARCIA damaged the shower faucet and

clogged the trailer plumbing. He did not report this damage, and thus, did not even give HERNANDEZ a chance to timely fix any of the damage GARCIA caused. GARCIA also left food on plates, and left mud all over the trailer without cleaning it. Overall, he failed to maintain the trailer in a clean and sanitary condition. As a result, HERNANDEZ had to incur the costs to have the trailer cleaned and sanitized after GARCIA moved out of the ranch. Indeed, HERNANDEZ did not become aware of these damages until GARCIA left the ranch because GARCIA did not report any damage and HERNANDEZ did not enter the trailers GARCIA lived in out of respect for his privacy, and because HERNANDEZ, who is an amputee, is physically incapable of climbing the stairs required to enter the trailer. Unfortunately, the trailer remains broken and damaged due to GARCIA'S occupancy.

20. Throughout his entire time on the ranch, GARCIA used, occupied, and had access to a larger kitchen and living room area located in a building next to his original trailer. HERNANDEZ also provided GARCIA golf carts and a Polaris RZR to transport himself around the ranch and to the main gate of the ranch. GARCIA frequently used these vehicles while living on the ranch.

21. While staying with HERNANDEZ, GARCIA damaged two golf carts beyond repair. As a result, HERNANDEZ incurred the costs to replace the golf carts.

22. Upon information and belief, GARCIA damaged these golf carts, in part, because he would drive them up and down the hill on the ranch at a reckless speed.

23. Like the golf carts, GARCIA also damaged the Polaris RZR beyond

repair in 2022.

24. Moreover, HERNANDEZ provided GARCIA with three cell phones, with cell phone accounts under GARCIA'S name. GARCIA damaged all them.

25. In 2022, GARCIA allowed his romantic partner, Lilly, and Lilly's son to move into the trailer he occupied as his "guests." GARCIA and his guests cluttered the trailer and surrounding area with toys, gym equipment, and garbage.

26. Upon information and belief, Lilly was a waitress at a local restaurant and met GARCIA through an acquaintance of GARCIA. Because Lilly worked at a restaurant in the Lake Elsinore/Riverside County area, she interacted with several members of the community, including current and potential customers and referral sources for HERNANDEZ'S businesses.

27. On or about June 25, 2022, GARCIA and his live-in guests left the ranch without notice. When they left the ranch, they broke windows on the building GARCIA occupied and they disconnected the security cameras put in place to deter non-residents or burglars from entering the property.

28. GARCIA and his guests also left the trailer in complete disarray. They failed to throw away any trash including a large amount of fast-food wrappers, failed to clean any used pots, pans and plates—leaving food on them, and failed to dispose of old toys and gym equipment. Additionally, they broke the stairs leading up to the front door of the trailer and broke a door to the trailer off its hinges. As a result, HERNANDEZ had to incur the costs to have the trailer cleaned and to dispose of all the garbage and waste GARCIA and his guests caused. Unfortunately, the trailer remains broken and damaged due to GARCIA'S

occupancy.

29.  HERNANDEZ is informed and believes and thereon alleges that before he left the ranch, GARCIA stole several tools and ranch equipment from HERNANDEZ including drills, saws, mallets, wrenches, screwdrivers, etc.

30.  After HERNANDEZ took GARCIA in, treated GARCIA like a member of his family, welcomed him at family events and holidays, and even bought him presents, Defendant is informed and believes and thereon alleges that GARCIA left without notice after trashing HERNANDEZ'S property and stealing items from HERNANDEZ.

31.  To add insult to injury, GARCIA has now made false, inflammatory, and degrading statements about HERNANDEZ and HERNANDEZ'S business, including statements to third parties, including to Lilly, who socialized and interacted with current and potential customers and referral sources of HERNANDEZ'S businesses.  GARCIA even went as far as falsely accusing HERNANDEZ of committing several crimes.  Defendant is informed and believes and thereon alleges that GARCIA made these claims for the sole purpose of seeking money from HERNANDEZ.

## FIRST CAUSE OF ACTION
### (Conversion)

32.  HERNANDEZ hereby realleges and incorporates herein by reference Paragraphs 1 through 31, as though fully set forth herein.

33.  Upon information and belief GARCIA is currently in possession of

several tools essential for his ranch operations including, but not limited to, drills, saws, mallets, wrenches, screwdrivers, etc., all of which were previously provided to GARCIA, but were and continued to be owned by HERNANDEZ.

34. HERNANDEZ demanded that GARCIA immediately return to HERNANDEZ all such tools including the drills, saws, mallets, wrenches, and screwdrivers.

35. GARCIA, without justification or privilege, has failed or refused to return the tools including the drills, and saws, mallets, wrenches, and screwdrivers to HERNANDEZ.

36. GARCIA'S conduct is willful, wanton, malicious, and in bad faith.

37. As a consequence of the foregoing, HERNANDEZ has suffered and will continue to suffer irreparable harm and loss, including interference with HERNANDEZ'S ranch operations including stalling repairs and work due to the loss of the tools GARCIA took and the discovery that these tools were missing while others attempted to perform tasks in which the tools are needed.

38. HERNANDEZ has been damaged in an amount to be proven at trial as a result of GARCIA'S actions in converting several expensive tools.

## SECOND CAUSE OF ACTION
**(Trespass to Chattel/Personal Property)**

39. HERNANDEZ hereby realleges and incorporates herein by reference Paragraphs 1 through 38, as though fully set forth herein.

-9-

40. HERNANDEZ owned and had a right to possess the tools, including the drills, and saws, mallets, wrenches, and screwdrivers.

41. GARCIA intentionally accessed and took tools provided to him by Mr. Hernandez for his use for work.

42. Upon information and belief GARCIA took these tools, removed them from the property and has maintained possession of the tools, which are necessary for HERNANDEZ to conduct his ranch operations.

43. HERNANDEZ did not consent to GARCIA taking the tools off his property or for use of the tools outside of GARCIA'S work duties.

44. In committing these acts, GARCIA acted with malice, oppression, or fraud and is therefore subject to punitive damages.

45. As a direct and proximate result of GARCIA'S actions, HERNANDEZ has suffered damages as a result of his inability to access and utilize the tools for a substantial, and ongoing, period of time in an amount to be proven at trial.

## THIRD CAUSE OF ACTION
### (Negligence)

46. HERNANDEZ hereby realleges and incorporates herein by reference Paragraphs 1 through 45, as though fully set forth herein.

47. GARCIA stood in a special relationship with HERNANDEZ, based on the facts alleged in this Counterclaim, including but not limited to the following:

GARCIA lived in housing accommodations provided to him by HERNANDEZ. GARCIA had a duty not the damage the accommodations, keep the accommodations in a clean and sanitary condition, and dispose of garbage, keep electric, gas and plumbing in a clean and sanitary condition, and to not permit another or himself to destroy, damage or deface the trailers he occupied, the housing facilities, and equipment.

48. The California Civil Code section 1941.2 imposes duties on tenants, including the duty to (1) keep "the premises which he occupies and uses clean and sanitary;" (2) "[t]o dispose from his dwelling unit of all rubbish, garbage and other waste, in a clean and sanitary manner"; (3) "[t]o properly use and operate all electrical, gas and plumbing fixtures and keep them as clean and sanitary as their condition permits"; and (4) "not to permit any person on the premises, with his permission, to willfully or wantonly destroy, deface, damage, impair or remove any part of the structure or dwelling unit or the facilities, equipment, or appurtenances thereto, nor himself do any such thing." As such, GARCIA owed the same duty of care to HERNANDEZ as an individual who lived on HERNANDEZ'S ranch.

49. By virtue of the relationship described above, GARCIA'S duty of reasonable care toward HERNANDEZ under the circumstances included but was not limited to: (1) keeping the trailers and kitchen he occupied in a clean and sanitary condition; (2) disposing of all rubbish, garbage, and other waste in his trailer a clean and sanitary manner, (3) maintaining the electrical appliances, gas and plumbing fixtures he used and occupied while living on the ranch in a clean and sanitary condition and (4) refraining from willfully or wantonly destroying, any part of the trailer, golf carts and other vehicles occupied for his travel around the ranch facilities, his living facilities and equipment on the ranch.

50.   GARCIA breached these duties owed to HERNANDEZ by the acts and omissions alleged in this Counterclaim, including but not limited to damaging the trailers, security cameras, and vehicles he used and occupied during his time on the ranch; failing to dispose of rubbish, garbage and waste; and upon information and belief, allowing other persons, including his guests, to occupy and wantonly cause damage to HERNANDEZ'S trailer and other facilities used and occupied by GARCIA during his tenancy.

51.   As a direct and proximate result of these actions, HERNANDEZ has sustained damages, including damages for repairs, waste disposal and replacement of property.

52.   HERNANDEZ is entitled to damages in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
### (Defamation and/or Libel)

53.   HERNANDEZ hereby realleges and incorporates herein by reference Paragraphs 1 through 31, as though fully set forth herein.

54.   HERNANDEZ has at all relevant times enjoyed an outstanding reputation as a member of the local community in Orange County, California, and in Lake Elsinore, California, and as a prominent local businessman.

55.   GARCIA made false and derogatory statements alleged above in Paragraph 31 about HERNANDEZ and HERNANDEZ'S business operations to Lilly and other acquaintances.

56. Defendant is informed and believes and thereon alleges that Lilly and other individuals to whom GARCIA published his defamatory statements had actual or potential business relationships with HERNANDEZ.

57. The statements by GARCIA were not made in connection with a public issue or an issue of public interest. Rather, the statements were made for a personal financial purpose.

58. GARCIA failed to use reasonable care to determine the truth or falsity of these statements, and, in fact, made the statements knowing they were false and with the malicious intent to harm HERNANDEZ and his business.

59. As a proximate result of GARCIA making these statements, HERNANDEZ has suffered reputational loss, loss of business, and other actual damages in an amount to be proven at trial.

60. GARCIA'S actions were undertaken with fraud, malice or oppression, or with a conscious disregard of the rights of HERNANDEZ, and, therefore, HERNANDEZ is entitled to an award of exemplary and punitive damages against GARCIA in a sum that will be established according to proof at trial sufficient to punish HERNANDEZ and deter others from engaging in similar misconduct.

## FIFTH CAUSE OF ACTION
**(Defamation Per Se and/or Libel Per Se)**

61. HERNANDEZ hereby realleges and incorporates herein by reference Paragraphs 1 through 31 and 53 through 60, as though fully set forth herein.

62. The false and derogatory statements, including written statements, GARCIA made, as alleged above, in Paragraphs 31 and 53 through 60 about HERNANDEZ and his business operations were not only false but malicious, reckless, and falsely accuse HERNANDEZ of engaging in several different crimes. Thus, these statements constitute defamation per se and give rise to the presumption of defamation.

63. As a proximate result of GARCIA making these statements, HERNANDEZ has suffered reputational loss, loss of business, and other actual damages in an amount to be proven at trial.

64. GARCIA'S actions were undertaken with fraud, malice or oppression, or with a conscious disregard of the rights of HERNANDEZ, and, therefore, HERNANDEZ is entitled to an award of exemplary and punitive damages against GARCIA in a sum that will be established according to proof at trial sufficient to punish HERNANDEZ and deter others from engaging in similar misconduct.

## SIXTH CAUSE OF ACTION
### (Intentional Interference with Prospective Economic Advantage)

65. HERNANDEZ hereby realleges and incorporates herein by reference Paragraphs 1 through 31 and 53 through 64, as though fully set forth herein.

66. HERNANDEZ has developed numerous business relationships with existing and potential customers and referral sources that carried with them the probability of future economic benefit to him. GARCIA has, and at all relevant times herein alleged had, knowledge of the existence of such business relationships.

67. Despite GARCIA'S knowledge of HERNANDEZ'S business relationships with existing and potential customers, GARCIA nonetheless engaged in intentional conduct, as well as separately and independently unlawful conduct, including the conduct alleged in Paragraphs 31 and 53 through 64 above, which has interfered or threatens to interfere with HERNANDEZ'S prospective economic relationships with its customers by discouraging existing or potential customers from patronizing his business, or discouraging referral sources from recommending his business.

68. As a proximate result of GARCIA'S interference with HERNANDEZ'S prospective economic relationships, HERNANDEZ has been damaged and is entitled to recover compensatory damages in an amount to be proven at trial.

69. GARCIA'S acts were willful and malicious insofar as GARCIA committed such acts with the intent to injure HERNANDEZ'S business and reputation, and for his own personal financial gain, with conscious disregard for HERNANDEZ'S rights, thereby warranting an award of punitive damages in an amount appropriate to punish GARCIA and to deter others from engaging in similar misconduct.

### SEVENTH CAUSE OF ACTION
**(Negligent Interference with Prospective Economic Relations)**

70. HERNANDEZ hereby realleges and incorporates herein by reference Paragraphs 1 through 31 and 54 through 69, as though fully set forth herein.

71. In engaging in the conduct and actions described herein, GARCIA

negligently interfered with HERNANDEZ'S existing business relationships with HERNANDEZ'S customers and referral sources, and undermined or interfered with the acquisition of new customers. Indeed, through his wrongful conduct as alleged above, GARCIA negligently interfered with HERNANDEZ'S prospective economic advantage from existing business relationships with HERNANDEZ'S customers, potential customers, referral sources, and business relationships which carried with them the probability of future economic benefit to HERNANDEZ.

72. As a proximate result of the wrongful acts herein alleged, HERNANDEZ has been generally damaged in a sum that will be established according to proof at trial.

### EIGHTH CAUSE OF ACTION

**(Intentional Infliction of Emotional Distress)**

73. HERNANDEZ hereby realleges and incorporates herein by reference Paragraphs 1 through 72, as though fully set forth herein.

74. GARCIA'S conduct, including but not limited to, the outlandish, inflammatory, and false statements alleged in Paragraph 31 about HERNANDEZ, in which GARCIA accused HERNANDEZ of committing crimes to Lilly and other individuals, and thus, ruining HERNANDEZ'S reputation, for the sole purpose of personal financial gain are extreme and outrageous.

75. As a result of GARCIA'S extreme and outrageous behavior and conduct, HERNANDEZ has suffered severe emotional distress, humiliation, embarrassment, and mental anguish.

76. GARCIA knowingly and intentionally acted with the goal of causing HERNANDEZ extreme emotional distress.

77. HERNANDEZ is entitled to compensatory and punitive damages in an amount to be determined at trial.

## NINTH CAUSE OF ACTION

**(Negligent Infliction of Emotional Distress)**

78. HERNANDEZ hereby realleges and incorporates herein by reference Paragraphs 1 through 77, as though fully set forth herein.

79. GARCIA acted beyond the bounds of normal human decency by damaging HERNANDEZ'S property, stealing from him, and then making outlandish and inflammatory statements including filing a lawsuit with these patently false statements that falsely accuse HERNANDEZ of committing several crimes.

80. As a result of GARCIA'S extreme and outrageous behavior and conduct, HERNANDEZ has suffered severe emotional distress, humiliation, embarrassment, and mental anguish.

81. GARCIA acted at least negligently in causing HERNANDEZ extreme emotional distress.

82. HERNANDEZ is entitled to compensatory and punitive damages in an amount to be determined at trial.

# **PRAYER FOR RELIEF**

WHEREFORE, HERNANDEZ prays for relief as follows:

1. For declaratory relief as described above;

2. For general, compensatory, and special damages according to proof at trial;

3. Exemplary and punitive damages according to proof at trial;

4. For costs to the full extent permitted by law;

5. For interest at the maximum rate permitted by law; and

6. For such other and further relief as the Court may deem just and proper.

DATED: July 6, 2023

PAYNE & FEARS LLP
Attorneys at Law

By: _____
ALEJANDRO G. RUIZ
JESSICA A. VIDAL

Attorneys for Defendant and Counter-Claimant ROBERTO VARGAS HERNANDEZ

4874-6058-7629.4

-18-
DEFENDANT/COUNTER-CLAIMANT ROBERTO VARGAS HERNANDEZ'S COUNTERCLAIM