WALLACE WU (SBN 220110)
Wallace.Wu@arnoldporter.com
OSCAR RAMALLO (SBN 241487)
Oscar.Ramallo@arnoldporter.com
STEPHANIE KANG (SBN 306162)
Stephanie.Kang@arnoldporter.com
SKYLAR WILLIAMS (SBN 341028)
Skylar.Williams@arnoldporter.com
ARNOLD & PORTER KAYE
 SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
Facsimile: (213) 243-4199

*Attorneys for Plaintiff and Counter-Defendant ARTURO SANTOS GARCIA*

*(Additional attorneys listed in signature block)*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO SANTOS GARCIA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO VARGAS HERNANDEZ,<br><br>Defendant. | Case No. 8:23-cv-946-CJC<br><br>Judge Cormac J. Carney<br><br>**JOINT RULE 26(F) REPORT** |

Pursuant to Federal Rule of Civil Procedure Rule 26(f), and C.D. Cal. R. 26-1, Plaintiff Arturo Santos Garcia ("Plaintiff") and Defendant Roberto Vargas Hernandez ("Defendant"), by their undersigned counsel, hereby submit this Joint Rule 26(f) Report.

**A.    Statement Of The Case**

<u>Plaintiff's Statement</u>

Plaintiff Arturo Santos Garcia is a labor trafficking victim of Defendant Hernandez, who induced Mr. Santos to leave his home in Mexico to work and live on Defendant's ranch in Lake Elsinore with false descriptions of the work and an offer to arrange Mr. Santos's transportation to the United States. When Mr. Santos arrived at the ranch, he was told he owed a debt for the travel expenses and could not leave until he paid it off. Defendant forced Mr. Santos to work seven days a week, an average of sixteen hours a day, taking care of hundreds of roosters to support Defendant's illegal cockfighting operation. He was paid almost nothing and provided only one meal a day. Defendant told him he could not leave unless he paid off the debt all at once, and that Defendant would report him to law enforcement and have him deported if he left. Mr. Santos brings claims for relief from violations of U.S. and California human trafficking laws, labor laws, and various related common law torts.

Defendant brought counterclaims alleging that Mr. Santos stole Defendant's tools, ruined Defendant's golf carts and an ATV, and negligently maintained the trailer he lived in. Defendant also alleges that Mr. Santos defamed him, tortiously inflicted emotional distress, and tortiously interfered with prospective economic advantage by filing this lawsuit and accusing Defendant of unethical conduct. Mr. Santos intends to move to dismiss Defendant's counterclaims.

<u>Defendant's Statement</u>

Defendant is a well-respected member of the Orange County community and a prominent businessman.  Defendant graciously took in Plaintiff when Plaintiff

1  arrived to this country because Defendant, and immigrant himself, empathized with
2  Plaintiff and because Plaintiff was a friend of Defendant's long time and trusted
3  family friend in Mexico.
4      Defendant denies the allegations in Plaintiff's First Amended Complaint,
5  denies any and all liability, and denies that Plaintiff has been harmed in any way, or
6  suffered any damages or loss of compensation because of any action(s) or
7  inaction(s) by Defendant.
8      More specifically, Defendant denies that he trafficked Plaintiff into this
9  country, forced Plaintiff to work for him, prevented Plaintiff from leaving his
10 property, threatened Plaintiff, confiscated his documents, or treated Plaintiff poorly
11 or inhumanely.
12     Defendant alleges several counterclaims against Plaintiff including
13 (1) conversion; (2) trespass to chattel/personal property; (3) negligence,
14 (4) defamation and/or libel, (5) defamation per se and/or libel; (6) intentional
15 interference with prospective economic advantage, (7) negligent interference with
16 prospective economic advantage, (8) intentional infliction of emotional distress and
17 (9) negligent infliction of emotional distress.  More specifically, Defendant alleges
18 that Plaintiff stole several tools from Defendant's ranch, damaged several vehicles,
19 damaged two trailers, damaged windows and security cameras, damaged phones
20 provided by Defendant, and made and published defamatory statements to his
21 romantic partner, and guest at Defendant's property, Lilly.

**B.  Subject Matter Jurisdiction:**

    This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action alleges violations of federal statutes, including the TVPA (18 U.S.C. §§ 1581, 1584, 1589, 1590, 1592, 1593A, and 1595) and the

FLSA (29 U.S.C. §§ 206, 207). This court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

**C.   Legal Issues:**

A brief description of the key legal issues, including any unusual substantive, procedural or evidentiary issues.

<u>Plaintiff's Statement</u>

Plaintiff contends that the key legal issues in the case are as follows:

    a) <u>Human Trafficking</u>. Whether Defendant is liable under the TVPA, i.e. 18 U.S.C. §§ 1581, 1583, 1584, 1589, 1590, 1592, 1593A, and 1595, for the following conduct:

        i.   Trafficking with respect to peonage, slavery, involuntary servitude or forced labor;

        ii.   Forced labor;

        iii.  Involuntary servitude;

        iv.  Unlawful conduct with respect to documents;

        v.   Benefitting from TVPA violations

        vi.  Peonage

        vii. Enticement into slavery

and for committing human trafficking under California Civil Code § 52.5;

    b) <u>The FLSA</u>. Whether Defendant is liable under:

        i.   FLSA, 29 U.S.C. §§ 206(a)(1) and §206(f), for failing to pay Plaintiff minimum wage and by forcing him to work seven days a week, approximately sixteen hours per day, without minimum required breaks.

        ii.  FLSA, 29 U.S.C. § 207(a), for failing to pay Plaintiff his due overtime wages.

    c) <u>California Labor Code</u>. Whether Defendant is liable under:

     i. Cal. Lab. Code §§ 1182.11, 1182.12, 1194(A), 1194.2, 1197, and IWC Wage Order No. 14, for failing to pay Plaintiff minimum wage and by forcing him to work seven days a week, approximately sixteen hours per day.

     ii. Cal. Lab. Code §§ 1194, 1198, and IWC Wage Order No. 14 for failing to Plaintiff his due overtime wages.

     iii. Cal. Lab. Code §§ 226.7, 512, and IWC Wage Order No. 14 for failing to provide Plaintiff the meal and rest periods required by law.

     iv. Cal. Lab. Code §§ 201–203 for failing to pay Plaintiff after discharge.

     v. Cal. Lab. Code §§ 970, 972 for soliciting the employee through misrepresentation.

d) <u>Unfair Competition</u>. Whether Defendant is liable under Cal. Bus. & Prof. Code § 17200 for unfair competition for his fraudulent and illegal conduct.

e) <u>Breach of Contract</u>. Whether Defendant is liable for breaching his contractual obligations to Plaintiff.

f) <u>Fraud and Negligent Misrepresentation</u>. Whether Defendant is liable for fraud and negligent misrepresentation by misrepresenting, among other things, the nature of the work required and the amount of money Plaintiff would be paid.

g) <u>Unjust Enrichment</u>. Whether Defendant is liable for unjust enrichment by retaining the fruits of Plaintiff's labor without compensating him for it.

h) <u>Intentional Infliction of Emotional Distress</u>. Whether Defendant is liable for intentional infliction of emotional distress by his extreme and outrageous conduct toward Plaintiff.

i) <u>Negligent Infliction of Emotional Distress</u>. Whether Defendant is liable for negligent infliction of emotional distress by causing serious emotional harm to Plaintiff through his conduct toward plaintiff.

j) <u>Negligence</u>. Whether Defendant is liable for negligence by violating the duties imposed on him by, among other things, the nature of his special relationship with Plaintiff as his employer.

k) <u>Negligence per se</u>. Whether Defendant is liable for negligence per se by violating federal and state anti-trafficking and labor laws.

l) <u>Quantum Meruit</u>. Whether Defendant is liable under quantum meruit for the value of services provided to him by Plaintiff

m) <u>False Imprisonment</u>. Whether Defendant is liable for confining Plaintiff to the ranch through fear, intimidation, threats of deportation, debt bondage, and intimations of connections with law enforcement.

<u>Defendant's Statement</u>

a) Whether any of the causes of action should be dismissed for failure to state a claim upon which relief can be granted;

b) Whether Plaintiff is barred from bringing TVPA claims because he knowingly and willingly arranged for his own illegal transportation into the United States;

c) Whether Plaintiff was entitled to any meal periods under California Labor Code section 512 and/or IWC Wage Order No. 14;

d) Whether Plaintiff was entitled to any rest periods under IWC Wage Order No. 14;

e) Whether Plaintiff and Defendant had an agreement regarding the amount of money he was to be paid for any work performed by Plaintiff;

f) Whether Plaintiff was free to leave Defendant's property;

g) Whether Defendant owed any duty of care to Plaintiff;

h) Whether Plaintiff converted Defendant's personal property

i) Whether Plaintiff is liable under the tort of Trespass to Chattel for his unauthorized possession of Defendant's personal property;

j) Whether Plaintiff is liable of negligence by violating duties imposed on him because he lived on Defendant's property;

k) Whether Plaintiff is liable for defamation and/or libel for his publication of defamatory statements to a third-party;

l) Whether Plaintiff's defamatory statements to Lilly are inherently damaging to Defendant's reputation;

m) Whether Plaintiff is liable for intentional interference with prospective economic advantage because his defamatory statements constitute intentional conduct interfered or threatens to interfere with Defendant's prospective economic relationships with its customers;

n) Whether Plaintiff is liable for negligent interference with prospective economic advantage because his defamatory statements constitute conduct that negligently interfered or threatens to interfere with Defendant's prospective economic relationships with its customers;

o) Whether Plaintiff is liable for intentional infliction of emotional distress by his extreme and outrageous conduct toward Defendant; and

p) Whether Plaintiff is liable for negligent infliction of emotional distress by causing serious emotional harm to Defendant through his conduct toward Defendant.

**D.     Parties, Evidence, etc.:**

The parties include Arturo Santos Garcia and Roberto Vargas Hernandez. The parties agree that the last date to file a motion to amend or add parties is February 6, 2024.

Plaintiff's Statement:

Percipient witnesses include the parties, other former ranch employees of Defendant, family members of Defendant who are familiar with the ranch operations, contacts and agents of Defendant who arranged Plaintiff's transportation to the United States, individuals who visited and observed the working conditions at the ranch, and potential law enforcement witnesses, and may also include others with personal knowledge of the events described in the First Amended Complaint. Plaintiff expects to identify more percipient witnesses during discovery.

Key documents include all wage and hour records kept by Defendant; any and all documents relating to the amount actually paid to Plaintiff, the amount worked, the purported debt owed by Plaintiff, and any expenses paid by Defendant; documents relating to Defendant's arrangement of Plaintiff's travel to the United States; cell phone records; Documents identifying the total amount of revenue earned by Defendant from cockfighting involving roosters cared for by Plaintiff; Documents identifying any other revenue earned by Defendant from ranch operations; insurance policies maintained by Defendant; any settlement agreements entered into by Defendant for similar past conduct; personal text messages, emails, and all other forms of communication concerning Plaintiff's labor, labor conditions, and payment; security camera footage from the ranch; receipts for repairs made to property or tools replaced; and documents relating to any criminal history of Defendant. Plaintiff expects to identify more key documents during discovery.

Defendant's Statement:

Defendant believes that additional parties to its state law claims include Plaintiff's romantic partner, Lilly.  Lilly's full and legal name is unknown to

1  Defendant at this time.  Pursuant to California law, Defendant included Doe
2  Defendants to his counterclaims against Plaintiff and will amend his counterclaim
3  when he discovers the identity of new parties. Defendant anticipates that percipient
4  witnesses include, the parties; contacts and agents of Plaintiff who arranged
5  Plaintiff's transportation to the United States; individuals who visited and observed
6  the living and working conditions at the ranch; individuals who visited Plaintiff at
7  the ranch; individuals who socialized with Plaintiff on or outside the ranch;
8  individuals who provided Plaintiff with food, toiletries, and other items upon
9  Plaintiff's request; Plaintiff's current or former romantic partner Lilly; and any other
10 individuals with personal knowledge of the events described in the First Amended
11 Complaint or Defendant's Counterclaim. Plaintiff expects to identify more
12 percipient witnesses during discovery.
13       This matter is in the early stage of litigation, and as such the full extent and
14 scope of evidence is unknown at this time. Defendant anticipates that the following
15 documents and information are relevant to this action: (1) documents evidencing
16 any money Plaintiff received for any work he performed for Defendant;
17 (2) documents evidencing the extent of damage Plaintiff caused to Defendant's
18 property; (3) documents evidencing the cost to repair or replace Defendant's
19 property due to Plaintiff's damage; and (4) communications, including text
20 messages, emails, or other electronic records between Plaintiff and any witnesses.
21 **E.     Damages:**
22       The realistic range of provable damages includes compensation owed to
23 Plaintiff for hours worked, based on California minimum wage, including overtime,
24 penalties, and interest. The causes of action also provide for emotional damages,
25 punitive damages, and attorney's fees, all of which are reasonably calculable.
26       Defendant believes it is premature to submit a damages estimate at this
27 juncture as Defendant has not yet commenced discovery.  Damages include the cost
28 to repair or replace Defendant's property that Plaintiff damaged, and additional

damages Defendant is entitled to under his state law causes of action including, but not limited to, emotional damages and punitive damages.

**F.  Insurance:**

Plaintiff has no insurance coverage relating to any claim or counterclaim in this litigation. Defendant has no insurance coverage relating to any claim or counterclaim in this litigation.

**G.  Motions:**

On July 6, 2023, Defendant filed a Motion to Strike the First Amended Complaint (ECF No. 12). On the same day, Defendant also filed nine Counterclaims against Plaintiff. Plaintiff intends to file an anti-SLAPP Motion and a Motion to Dismiss those Counterclaims by July 27, 2023. Pursuant to the Court's order granting the parties joint stipulation to extend time (ECF No. 21), Defendant will file an Amended Counterclaim by August 3, 2023. Plaintiff will respond to the Amended Counterclaim within 21 days of service of the Amended Counterclaim. Plaintiff will file its Opposition to the Motion to Strike will be filed by August 7, 2023, three weeks in advance of the hearing on the Motion to Strike set for August 28, 2023. Defendant anticipates filing a Reply Brief in Support of Defendant's Motion to Strike by August 21, 2023, seven days in advance of the hearing on the Motion to Strike set for August 28, 2023.  Defendant also anticipates filing an Opposition to Plaintiff's anti-SLAPP Motion and a Motion to Dismiss Defendant's counterclaims.

**H.  Dispositive Motions:**

Plaintiff anticipates filing a Motion for Summary Judgment after the close of discovery.

Defendant anticipates filing dispositive motions including, but not limited to, a Motion for Summary Judgment or Partial Summary Judgment.

I. **Manual for Complex Litigation:**

The parties agree that this is not a complex litigation and that the Manual for Complex Litigation is not applicable in this case.

J. **Status of Discovery:**

Defendant served his first sets of Interrogatories, Requests for Admission, and Requests for Production of Documents on July 13, 2023. Plaintiff served his first sets of Interrogatories and Requests for Production of Documents on July 21, 2023. To date, neither party has responded to these discovery requests.

K. **Discovery Plan:**

1. Scope of Discovery

Subject to the Court's order on Plaintiff's anticipated Motion to Dismiss counterclaims, the parties will conduct discovery on claims contained in the First Amended Complaint, Defendant's Counterclaim, and any amended complaints, and on any denials or defenses in the answers to those pleadings. Because of the international nature of the trafficking claims in this case, the parties will need to take involved third-party international discovery.

2. Discovery Dates

The parties have agreed to a proposed schedule of dates for discovery, attached as Exhibit A. The exhibit is based on a trial date approximately 15 months after submitting this joint report.

The parties will exchange initial disclosures under Fed. R. Civ. P. 26(a) by July 28, 2023. Plaintiff and Defendant also anticipate serving requests for production, interrogatories, requests for inspection, requests for admission, and additional requests for production before the discovery cut-off date (see Exhibit A). Plaintiff and Defendant anticipate conducting depositions of the named parties and witnesses likely to be identified during discovery.

3. <u>Discovery Limitations</u>

The parties agree to be bound by the limits on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court, with two modifications below:

(a)  If a deponent requires an interpreter at the deposition, the deposition shall be allowed to last up to 2 days of 7 hours each.

(b)  Depositions of expert witnesses do not count against the ten-deposition limit in Federal Rule of Civil Procedure 30(2)(A)(i).

4. <u>Electronically Stored Information (ESI)</u>

The parties have discussed all items in the ESI Conference checklist attached hereto as Exhibit B and have generally agreed on all items in the checklist except:

(a)  *Plaintiff's position*: ESI created or received from January 1, 2010, to the present, should be preserved. Information regarding Defendant's criminal history dates back to at least 2010 and is relevant to several claims in the case including Defendant's defamation counterclaims.

*Defendant's position*: Defendant does not believe that ESI as from January 1, 2010 through March 31, 2019 is relevant to any claim or counterclaim in this action, and thus, Defendant does not believe ESI from January 1, 2010 through March 31, 2019 should be preserved.

(b)  Discovery of ESI will be prioritized from the following systems from both Plaintiff and Defendant: email accounts, cell phones, computers.

*Plaintiff's position*: ESI will be produced in its native format, with all metadata preserved, including the following fields: sender, recipient, cc and bcc fields, date, time, folder, filepath, creator, date created, date edited, last saved, etc. The parties will meet and confer to discuss whether production of certain small volumes of files, such as a limited number of text messages, is to be made in non-native format.

*Defendant's position*: Defendant believes that there will be minimal ESI, if any, in this action. Additionally, given the simplicity of any electronic documents, Defendant does not believe that ESI must be produced in native format. Specifically, Defendant proposes producing screenshots of any text messages that will be produced in discovery.

    (c)    Each side will bear its own costs of producing and storing its ESI.

    (d)    The approximate volume of ESI is not yet known. Once the parties ascertain the volume of their own ESI, they will meet and confer on the most efficient way to produce the ESI in a useful and reviewable format, including whether the use of search terms is appropriate and the number of search terms to use.

*Plaintiff's position*: For volumes that are large enough to render infeasible a complete review of each and every document in a given system, the parties agree to use search terms to identify responsive ESI. If the producing party elects to use search terms to locate potentially responsive ESI, it shall disclose the search terms used to the requesting party. A requesting party may request no more than 20 additional terms to be used in connection with the electronic search.

*Defendant's position*: Defendant believes that there is minimal, if any, ESI. Accordingly, Defendant proposes meeting and conferring over search terms and the number of search terms during discovery if the volume of any ESI is large enough render infeasible a complete review of each and every document in a given system

    (e)    Producing parties will review all potentially responsive documents to ensure production is neither underinclusive nor overbroad.

    (f)    Phased discovery is not necessary in this case.

    (g)    If a party asserts a claim of privilege, it must list the document and the privilege asserted, along with a brief description of what the document contains, in a privilege log that will be produced to the other side. The parties' communications

with counsel taking place on any date after the Complaint was filed on May 30, 2023 do not need to be produced nor documented in the privilege log.

    (h)    The parties agree to enter a FRE 502(d) Stipulation and Order addressing inadvertent or agreed production.

    (i)    The parties will agree on and submit a joint Electronic Discovery Order.

    5.    <u>Protective Order</u>

The parties will agree on and submit a joint protective order.

**L.    Discovery Cut-off:**

The proposed discovery cutoff date is August 6, 2024.

**M.    Expert Discovery:**

Plaintiff expects to call two or more experts.

Defendant expects to call rebuttal experts to Plaintiff's experts and at least one of its own experts.

**N.    Settlement Conference / Alternative Dispute Resolution ("ADR"):**

The parties agree to pursue a settlement conference with a Court Mediation Panel pursuant to Local Rule 16–15.4, Option 2. The parties agree to engage in these talks after some discovery has taken place.

**O.    Trial Estimate:**

The parties estimate a jury trial of five court days. Plaintiff anticipates calling three to six witnesses.

Defendant anticipates calling approximately six to ten witnesses at this time.

**P.    Trial Counsel:**

Lead trial counsel for Plaintiff will be Wallace Wu of Arnold Porter Kaye Scholer LLP.

Lead trial counsel for Defendant will be Alejandro G. Ruiz of Payne & Fears LLP.

**Q. Independent Expert or Master:**

The parties agree that neither a master nor an independent scientific expert is needed for this case.

**R. Schedule Worksheet:**

The parties attach a proposed Schedule of Pretrial and Trial Dates as Exhibit A to this report.

**S. Other issues:**

The parties are native Spanish-language speakers, and may require interpretive services. The parties may also call non-English speaking witnesses that require an interpreter. In such instances, the parties agree to the use of a court-registered interpreter.

DATED: July 27, 2023

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: /s/ Wallace Wu
Wallace Wu
Oscar Ramallo
Stephanie Kang
Skylar Williams

*Attorneys for Plaintiff and Counter-Defendant ARTURO SANTOS GARCIA*

DATED: July 27, 2023

PAYNE & FEARS LLP

By: /s/ Jessica A. Vidal
Alejandro G. Ruiz
Jessica A. Vidal

*Attorneys for Defendant and Counter-Claimant ROBERTO VARGAS HERNANDEZ*

I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

|  |  |
|---|---|
|  | Respectfully submitted, |
| DATED:  July 27, 2023 | ARNOLD & PORTER KAYE SCHOLER LLP |
|  | By: /s/ Wallace Wu |
|  | Wallace Wu |
|  | Oscar Ramallo |
|  | Stephanie Kang |
|  | Skylar Williams |
|  | *Attorneys for Plaintiff and Counter-Defendant ARTURO SANTOS GARCIA* |